FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 FEB 15  PM 1:24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

YOGA BERRY CORPORATION d/b/a
YOBE, a Florida corporation,

     Plaintiff,

v.

CASE NO: 3:12-CV-165-J-32 JBT

COCO MANGO, LLC, a Florida
limited liability company,

     Defendant. _____/

### VERIFIED COMPLAINT
### INJUNCTIVE RELIEF SOUGHT
### JURY TRIAL DEMANDED

     YOGA BERRY CORPORATION d/b/a YOBE ("YOBE" or "PLAINTIFF"), by and through undersigned counsel, brings this Complaint for injunctive relief and damages against COCO MANGO, LLC ("COCO" or "DEFENDANT"), and in support thereof states as follows:

### JURISDICTION

     1.    This Court has subject matter jurisdiction pursuant to 15 U.S.C.S. § 1121 and 28 U.S.C.S. § 1338(a) and (b) because this is a civil action arising under the laws of the United States, specifically those laws relating to trademarks and unfair competition.

     2.    Venue is proper pursuant to 28 U.S.C.S. § 1391(b) because the Defendant conducts business in St. Johns County, Florida, and a substantial part of the alleged conduct that gave rise to this action occurred in St. Johns County, Florida.

**PARTIES**

3.      YOBE is a Florida corporation incorporated in the State of Florida and maintains its principal place of business in Jacksonville, Florida.

4.      The Defendant is a Florida limited liability company listing Clinton H. Andrews as its only member/manager.  Clinton H. Andrews is a citizen of Florida.

**YOBE'S DISTINCTIVE TRADE DRESS**

5.      On November 6, 2007, Jonathan Turner incorporated Yoga Berry Corporation for the primary purpose of operating a frozen yogurt store thereby offering high quality yogurt, as well as related goods and services.  Since 2007, the Yoga Berry Corporation expanded and now encompasses over 10 different locations throughout Northeast Florida, including St. Augustine, Florida, as well as locations in Georgia and South Carolina.

6.      In order to maintain the strength of its current franchises and continue to increase its popularity, YOBE relies on the quality of its yogurt products as well as the unique atmosphere provided for customers at each YOBE location.   This atmosphere includes a specific architectural layout, color scheme, and interior design.  For instance, upon entering any YOBE location, the first thing a customer notices is the vibrant green walls and purple ceilings, as well as YOBE's futuristic white chairs, stools, tables and benches.  To add to this futuristic theme, YOBE franchises include distinctive light fixtures that hang from the ceilings as well as a rounded wall surface for placement of its self-serve yogurt dispensers.  Finally, each YOBE location features unique "stand-offs" containing pictures of fruit on its store walls, adding to the delight a customer feels when eating YOBE's delicious and nutritious yogurt products.

7.      YOBE's unique design features serve as useful advertising and marketing tools that YOBE customers undoubtedly rely on in making their decision to purchase yogurt from

2

YOBE stores, as opposed to other yogurt stores. In that regard, YOBE includes its unique color scheme and fruit displays on its website. In addition to attracting customers, YOBE's distinct design features have allowed it to maintain a consistent customer base, generating state and region-wide recognition and creating the possibility of continued expansion that YOBE has enjoyed since its inception. Through widespread and favorable public acceptance and recognition, the YOBE name and its distinctive store features enjoy tremendous goodwill and have become assets of ever increasing value as symbols of YOBE products and services.

8.      YOBE's design features are also tied to its yogurt products and allow the company to secure growth and stability in its franchises. By creating a strong association between the YOBE design features and its quality yogurt products, YOBE not only secures the stability of its existing franchises, but also creates opportunities to expand and create new franchises in different markets. Consequently, the future growth and stability of YOBE franchises are and have always been directly related to the strength of its brand and design features.

### ILLEGAL ACTS OF DEFENDANT

9.      On March 17, 2011, Clinton H. Andrews formed Coco Mango, LLC and constructed its first yogurt store, which recently began operations in St. Augustine Beach, Florida. Coco's yogurt store is a mirror image of YOBE's franchises. For instance, Coco has employed an identical green/purple color scheme and imitation white chairs, stools and benches. Additionally, Coco installed futuristic lights that are mere replicas of YOBE's hanging ceiling lights. Coco has also included a rounded wall for its self-serve yogurt machine and imitation "stand-offs" containing pictures of fruit on its store walls.

3

10.     Coco's imitation of a single YOBE design feature would be enough to confuse consumers and detract from the value of YOBE's unique trade dress and design.  However, Coco has gone further by copying YOBE's comprehensive design scheme in order to confuse consumers and improperly benefit from the good will and selling power established by the existing YOBE franchises.  Like YOBE, Coco has also employed its color scheme and fruit displays on its website, further reducing YOBE's distinct commercial presence and advertising capability.

11.     Moreover, upon realizing Coco's attempt to imitate the YOBE franchise, a YOBE representative entered Coco's St. Augustine store and asked about the similarities between Coco's store and YOBE.  A representative of Coco explained that Coco copied everything in YOBE's store and wanted to look like a YOBE without having to pay YOBE's franchise fee.  The YOBE representative informed Coco that its attempt to replicate YOBE stores may result in legal issues for the store, but Coco made no attempt to alter its design or otherwise distinguish itself from YOBE.  To the contrary, Coco continues to replicate YOBE in ever aspect of its business and has even attempted to obtain its ingredients from YOBE's supplier.

12.     Defendant's willful actions 1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; 2) constitute a false designation of the Defendant's goods or services by passing them off as being associated with YOBE; 3) suggest a non-existent connection with YOBE; 4) suggest that YOBE has sponsored, licensed or approved of the Defendant's goods, services, or business, and/or 5) could cause the YOBE franchise to become generic in the eyes of the general public and destroy the origin-identifying function of the YOBE design features.

4

## COUNT I – FEDERAL UNFAIR COMPETITION

13.     Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14.     Defendant's aforementioned acts, as alleged herein, constitute unfair competition, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.S. § 1125.

15.     Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

16.     As a result, YOBE has suffered damages with interest.

17.     YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

    ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

    iii.  from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

    iv.  from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly

similar variant, and from otherwise unfairly competing in any way with YOBE;

v.   to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

vi.   to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.   an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys' fees and costs pursuant to 15 U.S.C.S. § 1125;

e.   and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT II – FEDERAL FALSE DESIGNATION OF ORIGIN

18.   Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

19.   Defendant's acts, as alleged herein, constitute a false designation of origin, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.S. § 1125.

20.   Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

21.   As a result, YOBE has suffered damages with interest.

22.   YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

    ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

    iii.   from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

    iv.   from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

    v.   to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

    vi.   to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

    vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court,

propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.  an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys' fees and costs pursuant to 15 U.S.C.S. § 1125;

e.  and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT III – FEDERAL FALSE AND MISLEADING DESCRIPTION OF FACT

23.   Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

24.   Defendant's acts, as alleged herein, constitute a false and misleading description of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.S. § 1125.

25.   Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

26.   As a result, YOBE has suffered damages with interest.

27.   YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of

Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

iii.   from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

iv.   from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

v.   to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

vi.   to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.   an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys' fees and costs pursuant to 15 U.S.C.S. § 1125;

e. and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT IV – FEDERAL FALSE AND MISLEADING REPRESENTATION OF FACT

28.     Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

29.     Defendant's acts, as alleged herein, constitute a false or misleading representation of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.S. § 1125.

30.     Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

31.     As a result, YOBE has suffered damages with interest.

32.     YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a. a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.     from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

    ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

    iii.     from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is

likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

iv.    from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

v.    to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

vi.    to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.  an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys' fees and costs pursuant to 15 U.S.C.S. § 1125;

e.  and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT V – FEDERAL PASSING OFF

33.    Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

34.    Defendant's acts, as alleged herein, constitute passing off, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.S. § 1125.

35.   Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

36.   As a result, YOBE has suffered damages with interest.

37.   YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

    ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

    iii.   from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

    iv.   from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

    v.   to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

    vi.   to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.   an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys' fees and costs pursuant to 15 U.S.C.S. § 1125;

e.   and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT VI – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

38.   Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

39.   Defendant's deceptive, unfair and commercially exploitive acts, including but not limited to its misappropriation, false designation, unfair use and passing off of YOBE's distinctive trade dress are in violation of the Florida Deceptive and Unfair Trade Practices Act. Fla. Stat. §§ 501.201, et seq.

40.   Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

41.   As a result, YOBE has suffered damages with interest.

42.   YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a. a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

   ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

   iii. from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

   iv.  from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

   v.   to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

   vi.  to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

   vii. to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.  an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys' fees and costs;

e.  and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT VII – FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION

43.   Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

44.   Defendant's acts, as alleged herein, have caused, and are likely to cause, damage to YOBE by tarnishing YOBE's valuable reputation and by diluting the distinctiveness of YOBE's trade dress in violation of Florida Statutes § 495.151 et seq.

45.   Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

46.   As a result, YOBE has suffered damages with interest.

47.   YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

15

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

iii.    from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

iv.    from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

v.     to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

vi.    to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.   an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys' fees and costs;

e.   and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT VIII – FLORIDA UNFAIR COMPETITION

48.     Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

49.     Defendant's acts, as set forth herein, constitute Florida unfair competition in violation of Florida common law.

50.     Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

51.     As a result, YOBE has suffered damages with interest.

52.     YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.     from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

   ii.    from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

   iii.   from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

   iv.    from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly

17

similar variant, and from otherwise unfairly competing in any way with YOBE;

v.     to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

vi.    to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

vii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.  an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys' fees and costs;

e.  and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## COUNT IX – UNJUST ENRICHMENT

53.    Plaintiff, YOBE, hereby realleges and incorporates the allegations set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

54.    Defendant's acts, as set forth herein, result in unjust enrichment to the Defendant in violation of Florida common law.

55.    Defendant's acts have caused irreparable injury and damage to YOBE and, unless restrained, will continue to do so.

18

56.    As a result, YOBE has suffered damages with interest.

57.    YOBE has no adequate, complete remedy at law.

WHEREFORE, YOBE demands judgment against Defendant, including:

a.    a preliminary and permanent injunction enjoining and restraining Defendant and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.    from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendant with YOBE or YOBE's trade dress, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of YOBE's trade dress, or YOBE's forms of advertisement.

    ii.    from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, YOBE;

    iii.    from directly or indirectly using any confusingly similar variants, iterations, or forms of YOBE's distinctive design features, which is likely to cause confusion or further irreparable harm to YOBE's business reputation or goodwill;

    iv.    from publishing, assembling, marketing, distributing, or otherwise utilizing any distinctive features of YOBE's trade dress, regardless of the medium, which bear the subject features or any confusingly similar variant, and from otherwise unfairly competing in any way with YOBE;

    v.    to alter, replace, or remove any and all advertisements, designs, features and any other representations, regardless of form, which represent a confusingly similar variant of YOBE's trade dress and are currently being or may henceforth be used by Defendant.

    vi.    to notify its direct customers, agents, and representatives that the confusingly similar design features and advertising are not connected with YOBE;

    vii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court,

propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b. an accounting and payment of all profits gained by Defendant while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys' fees and costs;

e. and any such other relief as this Court may deem just and proper considering the circumstances presented herein.

## DEMAND FOR JURY TRIAL

YOBE requests a jury trial on all issues so triable.

Respectfully submitted,

**DAWSON | ORR**
PROFESSIONAL ASSOCIATION

**Michael Fox Orr, Esquire**
Florida Bar No.: 14594
**Giovanni Stewart, Esquire**
Florida Bar No.: 654531
**Jeremy M. Paul, Esquire**
Florida Bar No.: 93279
233 East Bay Street, Suite 1010
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303
Attorneys for Plaintiff

<u>**VERIFICATION**</u>

Under penalties of perjury, I declare that I have read the foregoing Complaint and that the facts included therein are true to the best of my knowledge and belief.

J. Mark Turner, President
Yoga Berry Corporation, Inc.

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) SS: |
| COUNT OF DUVAL | ) |

**BEFORE ME**, the undersigned authority, personally appeared J. Mark Turner, who is personally known to me or has produced _____ as identification, who, after first being duly sworn, deposes and states that the foregoing Complaint and the facts included therein are true to the best of his knowledge and belief.

**SWORN TO AND SUBSCRIBED** before me this _7th_ day of February, 2012.

NOTARY PUBLIC, State of Florida at Large

My commission Expires: May 12, 2012

JACQUELINE M GADDIS
MY COMMISSION # DD 231141
EXPIRES May 12, 2012

Respectfully submitted,

**DAWSON | ORR**
PROFESSIONAL ASSOCIATION

s/ Michael Fox Orr
**Michael Fox Orr, Esquire**
Florida Bar No.: 14594
**Giovanni Stewart, Esquire**
Florida Bar No.: 654531
**Jeremy M. Paul, Esquire**
Florida Bar No.: 93279
233 East Bay Street, Suite 1010
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303
Attorneys for Plaintiff